UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

In re: §
§
SCIENTIFIC WINDOW CO., INC. § Case No. 09-17180 JPC
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 05/12/2009. The undersigned trustee was appointed on 05/13/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of     $    227,353.30

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 121,254.65 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

    Leaving a balance on hand of[1]     $    106,098.65

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) (Page: 1)

    5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6. The deadline for filing non-governmental claims in this case was 04/19/2010 and the deadline for filing governmental claims was 04/19/2010 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7. The Trustee's proposed distribution is attached as **Exhibit D**.

    8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 13,562.25 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 13,562.25 , for a total compensation of $ 13,562.25 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

*Please refer to the "Supplement to Final Report" attached hereto.
Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/27/2011      By:/s/N. Neville Reid
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

## Supplement to Scientific Window Company, Inc., Final Report, Case No. 09-17180

1. *Summary of Paid Interim Professional Fee Administrative Expenses:*

Below is a summary of the cumulative professional fees incurred by the estate which constituted the bulk of overall administrative expenses:

| Firm | Disbursement |
| --- | --- |
| Fox, Hefter, Swibel, Levin & Carroll, LLP | $60,036.86 |
| Ken Novak & Associates, Inc. | $40,817.74 |
| Popowcer Katten, Ltd. | $ 8,948.40 |

Please note that Fox, Hefter, Swibel, Levin & Carroll, LLP ("FHSLC") has requested an additional $13,600.50 in fees and $324.28 in expenses in its Fifth and Final Compensation Application. If the Court approves FHSLC's Fifth and Final Compensation Application, then FHSLC will have received a total of $73,961.64 for its work in the bankruptcy of Scientific Window Company, Inc.

2. *General Narrative of Case; Background for Administrative Expenses:*

The principal event of the case was an auction of all of the equipment, inventory and other tangible personal property that occurred in the first few months of the case in 2009. Ken Novak & Associates ("Novak") assisted with all aspects of the liquidation of the estate assets, including the securing of the premises and of the personal property located thereon, recovery and protection of records (including computerized records and records located in the principals' possession), review and analysis of receivables (including insurance and tax refunds) and general review, analysis and pursuit of strategies to liquidate all other assets of the estate. Some administrative costs were greater than expected because the debtor did not have all records on-site and therefore Novak had to retrieve some records from the debtor's principals. Other tasks included the resolution of the $200,000.00 personal injury claim, negotiation of a subordination agreement for the insider claims, reduction of the union claim, other general claim analysis and legal structuring and follow-up from the auction.

3. Attached hereto as **Exhibit E** is the Trustee's application for compensation of his trustee fee according to the formula set forth in Section 326 of the Bankruptcy Code.