UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| In re: | § | |
| --- | --- | --- |
| | § | |
| SCIENTIFIC WINDOW CO., INC. | § | Case No. 09-17180 |
| | § | |
| Debtor(s) | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that N. Neville Reid, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
UNITED STATES BANKRUPTCY COURT
219 South Dearborn Street
Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:30 AM on 12/01/2011 in Courtroom 619,
United States Bankruptcy Court
219 S. Dearborn Street
Chicago, IL 60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed:  11/02/2011            By:  N. Neville Reid
                                              Trustee


*N. Neville Reid*
*200 W. MADISON, SUITE 3000*
*CHICAGO, IL 60606*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| SCIENTIFIC WINDOW CO., INC. | § | Case No. 09-17180 |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of                                                            $

and approved disbursements of                                                              $

leaving a balance on hand of[1]                                                              $


Claims of secured creditors will be paid as follows:

NONE


Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. Neville Reid | $ | $ | $ |
| Attorney for Trustee Fees: FOX HEFTER SWIBEL LEVIN & CARROLL | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten, Ltd. | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Fox, Hefter, Swibel, Levin & Carroll,LLP | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Other: Fox, Hefter, Swibel, Levin & Carroll,LLP | $ | $ | $ |
| Other: Fox, Hefter, Swibel, Levin & Carroll LLP | $ | $ | $ |
| Other: Fox, Hefter, Swibel, Levin & Carroll LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses       $_____

Remaining Balance       $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000016B | Illinois Department of Revenue | $ | $ | $ |
| 000017 | Illinois Department of Revenue | $ | $ | $ |

Total to be paid to priority creditors       $_____

Remaining Balance       $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Con-Way Freight Inc | $ | $ | $ |
| 000002 | PEOPLES GAS LIGHT AND COKE CO | $ | $ | $ |
| 000008 | Caldwell Mfg | $ | $ | $ |
| 000010 | Roy Strom Refuse Removal Service | $ | $ | $ |
| 000011 | Amesbury Group Inc | $ | $ | $ |
| 000012 | John F. Ward | $ | $ | $ |
| 000013 | Central States Joint Board Health & Wellfare Fund | $ | $ | $ |
| 000015 | Chicago Builders Supply Inc | $ | $ | $ |

Total to be paid to timely general unsecured creditors   $_____

Remaining Balance   $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000016A | Illinois Department of Revenue | $ | $ | $ |

Total to be paid to tardy general unsecured creditors   $_____

Remaining Balance   $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | Helene Brottman | $ | $ | $ |
| 000004 | Barbara Brottman Residuary Trust | $ | $ | $ |
| 000005 | Barbara Brottman Residuary Trust | $ | $ | $ |
| 000007 | Leon Brottman | $ | $ | $ |
| 000009 | Mark Brottman | $ | $ | $ |

Total to be paid to subordinated unsecured creditors    $_____

Remaining Balance    $_____

Prepared By: /s/N. Neville Reid_____
Trustee

N. Neville Reid
200 W. MADISON, SUITE 3000
CHICAGO, IL 60606

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.