UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 09-17180 |
| SCIENTIFIC WINDOW COMPANY, INC. ) | |
| ) | Hon. Jacqueline P. Cox |
| Debtor. ) | |
| ) | |

**FIFTH AND FINAL APPLICATION OF FOX, HEFTER, SWIBEL, LEVIN &
CARROLL, LLP, FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OCTOBER 1, 2010 THROUGH AUGUST 31, 2011**

Fox, Hefter, Swibel, Levin & Carroll, LLP ("FHSLC"), general bankruptcy counsel for N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Scientific Window Company, Inc. (the "Debtor"), files this fifth and final application ("Application") for allowance and payment of an administrative claim in the amount of $13,924.78, consisting $13,600.50 in fees and $324.28 in expenses, for the period of October 1, 2010 through August 31, 2011.  In support of this Application, FHSLC states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. On May 12, 2009 (the "Petition Date"), Scientific Window Company, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, N. Neville Reid was appointed as chapter 7 trustee (the "Trustee") for the Debtor's Estate.

4. On June 16, 2009, the Court entered a final order granting the Trustee's application to retain FHSLC as general bankruptcy counsel, retroactive to May 12, 2009. [Dkt. 19.]

5. On September 8, 2009, the Court entered an order allowing the First Interim Application of FHSLC for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period of May 12, 2009 through July 31, 2009. [Dkt. 29.]

6. On April 22, 2010, the Court entered an order allowing the Second Interim Application of FHSLC for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period of August 1, 2009 through February 28, 2010. [Dkt. 50.]

7. On August 18, 2010, the Court entered an order allowing the Third Interim Application of FHSLC for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period of March 1, 2010 through June 30, 2010. [Dkt. 66.]

8. On November 18, 2010, the Court entered an order allowing the Fourth Interim Application of FHSLC for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period of July 1, 2010 through September 30, 2010. [Dkt. 69.]

**REQUESTED RELIEF**

9. FHSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee from October 1, 2010 through August 31, 2011 (the "Application Period").

10. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

11. Attached as Exhibit B to this Application are the detailed billing records of FHSLC, including a summary of the expenses for which FHSLC seeks reimbursement.

**PROFESSIONAL SERVICES RENDERED**

12. During the Application Period, FHSLC performed the following services on behalf of the Trustee:

A. Conferred extensively with the Trustee regarding the status of the above-captioned bankruptcy case and the resolution of claims against the Estate;

B. Communicated with Alfred Spitzzeri, counsel for Gary Brodin, and Monica Banet, counsel for the Indiana Insurance Company, regarding the resolution of the Gary Brodin claim (Claim 14-1); prepared, filed, served, and presented the Agreed Motion for Approval of Stipulation (1) Providing Gary Brodin Limited Relief from the Automatic Stay to Pursue State Court Action Against Scientific Window Company, Inc., and Recover Solely from Available Insurance Proceeds, *Nunc Pro Tunc* to June 11, 2010, and (2) Waiver of Recovery of Gary Brodin's Claim

        Against the Debtor and Its Estate (the "Motion to Approve Brodin Settlement") [Dkt. 70], thereby resolving a $200,000.00 claim against the Estate;

C.   Conferred extensively with Mark Brottman and Leon Brottman regarding resolution of the claims filed by Helene Brottman, the Barbara Brottman Residuary Trust, Leon Brottman, and Mark Brottman (collectively, the "Brottman Claimants"); negotiated with counsel for the Central States Joint Board Health & Welfare Fund ("Central States") regarding the reduction of Claim 13-1; drafted settlement letter to the Brottman Claimants and Central States; reached a settlement agreement whereby Central States reduced its claim by $9,770.00, all of the creditors who filed claims except the Brottman Claimants will have their claims paid in full, and the Brottman Claimants will paid with funds remaining in the Estate after administrative expenses and all other claims are paid in full; prepared, filed, served, and presented the Trustee's Motion for Approval of Settlement Among the Trustee, the Brottman Claimants, and Central States, Pursuant to Bankruptcy Rule 9019(a) [Dkt. 74];

D.   Reviewed communications from Bank of America regarding its foreclosure suit concerning property located at 900 W. Grace Street in Chicago, Illinois (the "900 W. Grace Property"); performed online research and communicated with the Cook County Recorder regarding a lien filed by the Debtor on the 900 W. Grace Property; attended a case management conference for foreclosure suit regarding the 900 West Grace

        Property and conferred with Bank of America's Counsel regarding the same;

    E.    Prepared, filed, served, and presented the Fourth Interim FHSLC Compensation Application [Dkt. 68]; began preparing this Application; and began drafting an interim application for trustee's fees; and

    F.    Prepared, filed, and served the Final Ken Novak & Associates, Inc., Compensation Application [Dkt. 76] and the Final Popowcer Katten, Ltd., Compensation Application [Dkt. 77].

## APPROPRIATENESS OF FEES

13. The total amount of fees sought by FHSLC for professional services in this Application is $13,600.50.

14. The professional services provided by FHSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by FHSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FHSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

15. FHSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. FHSLC has reviewed the billing records to ensure their accuracy.

16. FHSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

17. FHSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy

Code as reasonable and necessary expenses incurred for the administration of the Estate.

## FHSLC EXPENSE POLICIES

18.     FHSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FHSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this Application.

19.     The expenses sought by FHSLC in this Application relate to postage for service of the Fourth Interim FHSLC Compensation Application ($62.40) and the Trustee's Motion for Approval of Settlement Among the Trustee, the Brottman Claimants, and Central States, Pursuant to Bankruptcy Rule 9019(a) ($78.96); court copying cost for retrieval of complaint ($1.00); online research on PACER for the fourth quarter of 2010 ($12.56), the first quarter of 2011 ($9.04), and the second quarter of 2011 ($10.32); and filing fees for the Motion to Approve Brodin Settlement ($150.00). These expenses were necessary and benefited the Estate. The total amount of out-of-pocket expenses for which FHSLC seeks reimbursement is $324.28.

20.     FHSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Estate.

## SUMMARY OF FEES AND EXPENSES

21.     FHSLC applies for allowance and payment of an administrative claim in the amount of $13,924.78, consisting of $13,600.50 in fees and $324.28 in expenses.

## NOTICE

22.     This Application will be submitted with the Trustee's Final Report in the above-captioned bankruptcy case. Pursuant to Bankruptcy Rule 2002(a), notice of this Application will be given to: (a) the Debtor; (b) the Debtor's attorney; (c) the United States Trustee for the

6

Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system. In light of the nature of the relief requested, FHSLC submits that no further notice is required.

WHEREFORE, FHSLC requests entry of an order allowing it an administrative claim in the amount of $13,924.78 and allowing the Trustee to pay the same.

Dated: September 7, 2011                  Respectfully submitted,

                                               **FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**

                                               By:     */s/ Elizabeth Peterson*
                                                       Fox, Hefter, Swibel, Levin & Carroll, LLP,
                                                       General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201